UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: ONLINE DVD RENTAL
ANTITRUST LITIGATION
_____/

This Document Relates to:

Pierson v. Walmart.com USA LLC, et al.
(C 09-2163 PJH)
Levy, et al. v. Walmart.com USA LLC, et al.
(C 09-2296 PJH)
_____/

No. M 09-2029 PJH

**ORDER GRANTING MOTION FOR RECONSIDERATION AND LEAVE TO FILE AMENDED COMPLAINT**

Before the court is the Blockbuster plaintiffs' request for leave to file a motion for reconsideration regarding the court's December 1, 2009 order granting defendants' motion to dismiss the complaint for lack of standing. Plaintiffs limit their request to that aspect of the court's decision that denied plaintiffs leave to amend their complaint. Plaintiffs contend that, as a result of discovery obtained after oral argument on the motion to dismiss, they can now allege numerous additional facts which directly bear on the court's analysis of plaintiffs' standing. Plaintiffs thus propose to allege new facts that will satisfactorily establish the requisite causation between Netflix's purportedly anticompetitive conduct vis-a-vis Wal-Mart, and plaintiffs' payment of an artificially raised price to Blockbuster, as a result of said conduct.

The court construes the instant request for leave as plaintiffs' actual motion for reconsideration, and defendants' responsive papers as a properly filed opposition thereto. Having reviewed both plaintiffs' request and defendants' opposition, the court hereby GRANTS plaintiffs' request.

Plaintiffs, in part, specifically propose to allege that the conspiratorial conduct

previously alleged to have been engaged in by Netflix and Wal-Mart in January 2005, in fact began in October 2004, and that the $17.99 price that Netflix maintained throughout late 2004 and the relevant 2005 time frame was itself an artificially maintained price throughout, since it was the direct product of Netflix's conscious decision to resist competition in the market, and to actively conspire with Wal-Mart.  According to plaintiffs, this $17.99 price charged by Netflix – which resulted from Netflix's conscious failure to compete in the market – set an artificial price bar that enabled Blockbuster to raise its price higher than it otherwise would have, absent Netflix's artificial $17.99 price bar.  This theory, which plaintiffs submit no longer depends upon Wal-Mart's exit from the market but rather on the direct link between defendants' anticompetitive conduct and Blockbuster's eventual price increase (although plaintiffs nonetheless additionally submit that new allegations demonstrate that Blockbuster's pricing decision *was* a direct response to Wal-Mart's exit from the market), is distinct from the theory of causation that the parties argued to the court previously.  And while the court is not necessarily convinced that plaintiffs' additional allegations will ultimately stand the test of  substantive scrutiny, it is convinced that there is at a minimum a possibility that plaintiffs might amend their complaint in such a way as to overcome the deficiencies highlighted by the court in its order granting the motion to dismiss.

       To be sure, defendants have raised seemingly valid points in opposition to plaintiffs' request, pointing out that the purportedly "new" allegations that plaintiffs intend to allege in their proposed amended complaint are not new at all, but were in fact known as of the court's consideration of defendants' motion to dismiss, and further explaining why the indirectness of plaintiffs' alleged injury cannot be saved with plaintiffs' proposed new facts. Ultimately, however, in view of the liberality with which leave to amend is to be granted, and the inherent limitations of the reconsideration process in allowing the court to give full treatment to the parties' arguments as to the legal viability of plaintiffs' adjusted causation theory, the court is compelled to afford plaintiffs the opportunity to amend.  See Fed. R.

Civ. Proc. 15(a)(2) (leave to amend pleadings should be "freely give[n] ... when justice so requires."); see also, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)(leave to amend granted with "extreme liberality").

     In so ruling, however, the court notes that – regardless of the precise contours of the causation theory relied on by plaintiffs in any amended complaint – plaintiffs would be well-advised to pay particular attention to the legal viability of their new causation theory, and are further reminded of the need to set forth allegations that demonstrate the directness of plaintiffs' injury with the level of particularity required under the standards previously noted and relied on by this court.

     Plaintiffs' amended complaint shall be filed no later than March 1, 2010.  Defendants shall have thirty days thereafter, in which to file a response.

     Plaintiffs administrative motion to seal, filed in conjunction with the instant motion, is furthermore DENIED.

**IT IS SO ORDERED.**

Dated: January 29, 2010

                                       PHYLLIS J. HAMILTON
                                       United States District Judge